## APPEAL AND ERROR FROM THE PROBATE COURTS OF CERTAIN COUNTIES.

Common Pleas Court of Licking County.

### CHARLES L. HEWITT v. EMMA HEWITT.

Decided, December 16, 1924.

*Constitutional Law—Section* 10496 *Not of Uniform Application and Invalid—Limited in its Application to Certain Counties—Appeal in a Divorce Proceeding.*

Section 10496, G. C., granting the right of appeal and prosecution of error from the probate to the common pleas court in eight specified counties, is in violation of Section 26, Article II of the state constitution, in that a different procedure is therein provided in certain classes of cases in the common pleas courts of the counties named from that provided for the common pleas courts of other counties of the state.

*Flory & Flory,* on behalf of plaintiff.

*L. C. Russell* and *Dora Bachman,* on behalf of defendant.

MOORE, J.

This case is submitted upon a motion to dismiss the appeal.

The defendant in this case, Emma Hewitt, has attempted to appeal from the judgment of the probate court of this county. The case is one for divorce and alimony, and the appellant claims the right to appeal by virtue of the provisions of Section 10496 of the General Code, which provides as follows:

"Litigants shall have the right to appeal, and of error, from the probate courts of such counties to the common pleas courts, in such proceedings and suits."

Section 10494 of the General Code confers concurrent jurisdiction with the common pleas courts in eight certain specified counties of the state in proceedings in divorce, alimony, partition and the foreclosure of mortgages. The probate court of Licking county was given jurisdiction in these cases under the statute originally passed April 27, 1896. This act was amended April 13, 1900. The original act providing for appeals from the probate court of these several counties directly to the circuit court. On April 15, 1904, the statute was again amended and provided for appeals from the probate court to the common pleas court. The statute as amended April 15, 1904

is substantially, Section 10496, excepting Sections 10494, 10495 and 10496 were all originally included in one section. The codifiers of the law, in codifying the General Code, separated this act into three separate sections, and Section 10496 is still in force.

The appeal is sought to be dismissed on the ground that that part of the act which provides for appeal as contained in Section 10496 is unconstitutional.

The presumption is in favor of the constitutionality of any statute duly passed by the Legislature. In order to justify a court in declaring an act unconstitutional by reason of repugnancy to the provision of the constitution, such repugnancy most clearly appear; because of the presumption of the constitutionality of the acts of the Legislature. The court assumes considerable responsibility in setting aside an act of the Legislature, and thus making judicial legislation. However, when a case is clear, it is the duty of the court to rather uphold the constitution of the state than the acts of the Legislature.

The original section of the statute, as well as the section which is now in force, has been passed upon by various courts.

In the case of *Kisslingberry* v. *Donovan,* which is reported in the 8 Nisi Prius, page 476, it was held by the common pleas court of this county that the act providing for the appeal to the circuit court was unconstitutional. The reasoning employed by Judge Jones in that case is based mainly upon the proposition that an act providing for appeal directly from the probate court to the circuit court was unconstitutional because it deprives the intervening common pleas court of a jurisdiction to hear the case and thereby the law lacked uniformity in its operation.

There can be no question as to the constitutionality of the act of the Legislature conferring jurisdiction upon the probate courts in these eight counties and not conferring such jurisdiction upon the other probate courts of the state.

The provision of the constitution in respect to the probate court is Section 8 of Article IV, which provides that ''the probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any

county or counties, as may be provided by law.'' This clearly gives the Legislature the power to provide a different juris-diction in the different probate courts of the different counties of the state. The claim of the unconstitutionality of the statute. is not based upon the provision of the constitution conferring jurisdiction upon the probate courts. It is based upon the sec-tion of the statute providing for the organization of the common pleas courts of the state. This is provided for in Section 4 of article IV of the constitution, as follows:

''The jurisdiction of the courts of common pleas, and of the judges thereof shall be fixed by law.''

So in construing the constitution, and especially in construing it in reference to Section 26 of article 2, which provides ''that all laws of a general nature shall have a uniform operation throughout the state,'' the exceptions as to the uniformity must be contained in the constitution itself. In the case of the juris-diction of the probate court the exception is clearly contained in the constitution itself. In the case of the common pleas court there is no such exception. So, if this statute, which seeks to make this certain class of cases appealable from the probate court to the common pleas court, changes by statute the organization, or jurisdiction, or the procedure, of any of the com-mon pleas courts of the state, and does not change the organ-ization, or jurisdiction, or procedure, of all the common pleas courts of the state, it is not of uniform operation throughout the state, because there can be no question, in view of the decisions of our Supreme Court, that all laws touching the com-mon pleas courts of the state are laws of a general nature.

In the case of *Kelly* v. *State of Ohio*, found in the 6 Ohio State, page 269, this language is used:

''It is undoubtedly true that a part of an act may be uncon-stitutional and void, while another part may be constitutional and valid. An act conferring upon the probate courts a juris-diction exclusive in some counties, and in other concurrent with the common pleas, might be valid, so far as it would give jur-isdiction to the probate court, and void in so far as it would attempt to confer on the court of common pleas a jurisdiction in some counties, which was denied to it in others.''

In the same decision the court says, on page 272:

''It may be said that the character of a law as general or

local, depends on the character of its subject matter.   If that be of a general nature, existing throughout the state, in every county, a subject matter in which all citizens have a common interest—if it be a court organized under the constitution and laws, within and for every county of the state, and possessing a legitimate jurisdiction over every citizen—then the laws which relate to and regulate it are laws of a general nature, and by virtue of the prohibition referred to, must have a uniform operation throughout the state.   But the courts of common pleas in Ohio are an organization of a general nature, for the organic law of the state provides for their existence in every county; they are an important agency in the administration of justice throughout the state, and are by law clothed with a jurisdiction over every citizen.   The laws, then, which relate to and regulate their organization and jurisdiction are laws of a general nature, and are imperatively required to have a uniform operation throughout the state..  They cannot be withdrawn from the operation of the plain constitutional prohibition, unless by an exemption contained in the same instrument. And that exemption to be effectual should be so explicit as the prohibition itself."

After the amendment of the act it was held in this jurisdiction of Licking county, in the case of *Pearson* v. *Pearson,* which is reported in the 5 Nisi Prius, New Series, page 235, that the statute providing for appeals from the probate court to the common pleas court was not unconstitutional. After this decision was announced the Supreme Court, in the case of *Wallace* v. *Leiter,* 76 Ohio State, page 185, passed upon the statute as it was before it was amended providing for appeals from the probate court to the common pleas court, and the ground upon which the Supreme Court in that case held the statute unconstitutional is different from the reasoning in the case of *Kisslingberry* v. *Donovan.*   The Supreme Court held in this case that an appeal to the circuit court conferred upon the circuit courts in which these eight counties are located a different jurisdiction from what it conferred upon the other circuit courts of the state. It will be noted in the case of *Kisslingberry* v. *Donovan,* in the nisi prius report, the court held that the reason the statute was unconstitutional was because the jurisdiction of the common pleas court was omitted altogether in providing for the appeal direct from the probate to the circuit court.   But the Supreme Court in this case holds that the reason the statute is unconstitutional and in contradiction to the uniform opera-

tion of the statutes is because it confers a different jurisdiction upon the circuit courts. It seems to the Court that, notwithstanding the decision in the case of *Pearson* v. *Pearson,* the reasoning employed in the 76 Ohio State, in passing upon the statute providing for appeals from the probate court directly to the circuit court, is applicable to appeals from the probate court to the common pleas court. It may be argued, and was in the hearing of this case, that the common pleas court has original jurisdiction in these matters, and that the circuit court has not, which makes a difference in the statute providing for appeals from the probate court to the common pleas court, but it is unquestionably true that, under the constitution of the state, the laws providing for matters in the court of common pleas are of a general nature, equally with laws touching the circuit court, or the appellate court, as the organization now is, and it seems to this court that it is not alone a question of jurisdiction.

The Legislature of the state, in passing a statute which affects the procedure, the organization, or the jurisdiction of the common pleas courts of the state in any manner whatsoever, must, under the constitution, make those laws uniform in all common pleas courts of the state. While each separate common pleas court may make rules for its own procedure, yet any statutory procedure provided by act of the Legislature must necessarily be uniform. So whether this statute providing for appeals goes to the question of jurisdiction, or not, it unquestionably makes a different procedure in divorce cases and other cases provided for in Section 10496 in the common pleas courts of the eight counties from what it makes in the common pleas courts of the other counties of the state.

The court is forced to the conclusion that this statute violates Section 26 of Article 2 of the constitution, because it provides for a different procedure in the trial of a certain class of cases in the common pleas courts of eight counties of the state from what is provided in the other common pleas courts of the state.

The court, therefore, sustains the motion to dismiss the appeal on the ground that this case is not appealable; and on the ground that Section 10496 of the General Code of Ohio, which attempts to make such cases appealable, is unconstitutional.